AARON J. STENGER, APPELLEE, V. DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA AND BEVERLY NETH, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLANTS.

743 N.W.2d 758

Filed January 11, 2008.    No. S-06-1176.

Jon Bruning, Attorney General, Edward G. Vierk, and Milissa Johnson-Wiles for appellants.

William D. Kurtenbach, of Kurtenbach Law Office, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

### NATURE OF CASE

The Department of Motor Vehicles and its director, Beverly Neth (collectively the Department), appeal the judgment of the district court for Platte County which concluded that "the ALR [administrative license revocation] statutory scheme for enhancement" denied Aaron J. Stenger due process of law and that "the Director accordingly erred in enhancing the period of Stenger's revocation from 90 days to 1 year."

### SCOPE OF REVIEW

■ Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the court below. *Chase v. Neth,* 269 Neb. 882, 697 N.W.2d 675 (2005).

### FACTS

On April 23, 2006, an officer of the Columbus Police Department arrested Stenger for operating a vehicle in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2004). The chemical test of Stenger's blood revealed a blood alcohol content of .125. After his arrest, Stenger was given a "NOTICE/SWORN REPORT/TEMPORARY LICENSE" (temporary license), which was valid for 30 days. The back of the temporary license stated:

"ACCORDINGLY, NOTICE IS HEREBY GIVEN THAT
YOUR OPERATOR'S LICENSE AND/OR OPERATING
PRIVILEGE WILL BE REVOKED IN THIRTY DAYS
FOR A PERIOD OF: (B) . . . (3) One year, if your test results
was [sic] **0.08** or more and you have ONE OR MORE PRIOR
revocations within a 12-year period . . . ." The temporary license
also provided that

[t]he Director will consider the following issues at
the hearing . . . .

(1) Whether the law enforcement officer had probable
cause to believe you were operating or in the actual
physical control of a motor vehicle in violation of
Section 60-6,196 or a city or village ordinance enacted
pursuant to Section 60-6,196;

(2) Whether you were operating or in actual physical
control of a motor vehicle with an alcohol concentration
of **0.08** or more.

On June 7, 2006, an administrative license revocation (ALR)
hearing was held. During the hearing, a certified copy of
Stenger's driving abstract was offered into evidence by the
hearing officer. The abstract, a document maintained in the
Department's computerized records, indicated that Stenger had
a prior license revocation. Stenger objected to the offering of the
abstract, claiming that the abstract was "not within the issues
for an ALR hearing" and that receipt of the abstract would
violate Stenger's due process rights because he was unable to
challenge its validity. However, Stenger made no showing or
mention to the hearing officer of any actual inaccuracy appear-
ing on the abstract at that time or at any other time during the
proceedings. The hearing officer overruled the objection and
received the abstract into evidence.

On June 13, 2006, the director adopted the hearing officer's
"Proposed Findings of Facts, Proposed Conclusions of Law, and
Recommended Order of Revocation." In the order, the direc-
tor found that Stenger had a prior revocation and consequently
revoked Stenger's driver's license and operating privileges for
a period of 1 year, effective June 14. Stenger appealed the
director's decision to the Platte County District Court pursuant

to the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 1999 & Cum. Supp. 2004).

In his petition for judicial review, Stenger alleged that he was deprived of due process of law because the Department, without notice or opportunity to challenge or present evidence, expanded the issues at the ALR hearing to include evidence pertaining to a prior ALR revocation. The district court concluded that the ALR statutory scheme for enhancement denied Stenger due process. It therefore reduced Stenger's revocation from 1 year to 90 days. The court affirmed the director's order of revocation to that extent. Because the court determined Stenger was denied due process of law with respect to the director's enhancement determination, the court modified the director's order to reflect that Stenger's Nebraska driver's license and/or operating privileges should be revoked for the statutory period without enhancement, namely 90 days. The Department appealed.

Stenger has completed the 90-day revocation and now argues that the case is moot. The Department argues that the case is not moot because Stenger may be required to complete an additional 270 days of revocation or, alternatively, the public interest exception applies.

## ASSIGNMENTS OF ERROR

The Department claims, consolidated and restated, that the district court erred in finding that Stenger was denied due process because he was not afforded notice and an opportunity to be heard regarding any challenge to the accuracy of the Department's record establishing the prior ALR that was used for enhancement of his revocation.

## ANALYSIS

### PRELIMINARY QUESTION OF MOOTNESS

Stenger claims this action is moot because he has already completed the 90-day revocation. However, the Department argues that 270 days of revocation are still in dispute or that the public interest exception applies.

A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Rath v. City of*

*Sutton*, 267 Neb. 265, 673 N.W.2d 869 (2004). For the reasons set forth herein, we conclude that the action is not moot. The district court held that the ALR statutory scheme for enhancement denied Stenger due process of law. The constitutionality of a statute is squarely before us.

We therefore proceed to address the constitutionality of the ALR statutory scheme.

### CONSTITUTIONALITY OF ALR STATUTORY SCHEME

Neb. Rev. Stat. § 60-498.01 (Reissue 2004) provides for revocation of the driver's license of any person who has shown himself or herself to be a health and safety hazard (1) by driving with an excessive concentration of alcohol in his or her body or (2) by driving while under the influence of alcohol. As a part of the ALR statutory scheme, any arrested person who desires a hearing and has been served with a notice of revocation may file a petition requesting a hearing. See § 60-498.01(5)(c). Section 60-498.01(6) provides:

(c) At hearing the issues under dispute shall be limited to:

. . . .

(ii) If the chemical test discloses the presence of alcohol in a concentration specified in section 60-6,196:

(A) Did the peace officer have probable cause to believe the person was operating or in the actual physical control of a motor vehicle in violation of section 60-6,196 . . . and

(B) Was the person operating or in the actual physical control of a motor vehicle while having an alcohol concentration in violation of subsection (1) of section 60-6,196.

Neb. Rev. Stat. § 60-498.02 (Reissue 2004) provides that a revocation is for 90 days unless the person's driving abstract shows one or more prior revocations in the previous 12 years. The question presented is whether Stenger was afforded notice and an opportunity to be heard regarding the issue of enhancement pursuant to § 60-498.02.

The burden of establishing the unconstitutionality of a statute is on the one attacking its validity. *Chase v. Neth*, 269 Neb. 882, 697 N.W.2d 675 (2005). A statute is presumed to be constitutional, and all reasonable doubts will be resolved

in favor of its constitutionality. *Id.* The unconstitutionality of a statute must be clearly demonstrated before a court can declare the statute unconstitutional. *Id.*

In the case at bar, the district court concluded that the ALR statutory scheme violated the procedural due process rights of motorists who were subject to an enhanced penalty for a prior revocation because the statutory scheme did not provide notice that enhancement would be an issue at the ALR hearing. We consider this a determination by the district court that the ALR scheme was unconstitutional as applied to Stenger in the enhancement of his license revocation.

Procedural due process limits the ability of the government to deprive people of interests which constitute "liberty" or "property" interests within the meaning of the Due Process Clause and requires that parties deprived of such interests be provided adequate notice and an opportunity to be heard. *Kenley v. Neth*, 271 Neb. 402, 712 N.W.2d 251 (2006), *modified* 271 Neb. 683, 716 N.W.2d 44. Suspension of issued motor vehicle operators' licenses involves state action that adjudicates important property interests of the licensees. *Id.* Thus, the property interest involved here is Stenger's interest in retaining his driving privileges.

Before a state may deprive a motorist of his or her driver's license, that state must provide a forum for the determination of the question and a meaningful hearing appropriate to the nature of the case. *Id.* In proceedings before an administrative agency or tribunal, procedural due process requires notice, identification of the accuser, factual basis for the accusation, reasonable time and opportunity to present evidence concerning the accusation, and a hearing before an impartial board. *Id.*

The basic question presented is whether Stenger received notice that his prior ALR would be used for purposes of enhancement and whether he was provided a reasonable opportunity to be heard on this issue.

The back of the temporary license provided to Stenger by the police officer stated:

**ACCORDINGLY, NOTICE IS HEREBY GIVEN THAT YOUR OPERATOR'S LICENSE AND/OR**

**OPERATING PRIVILEGE WILL BE REVOKED IN THIRTY DAYS FOR A PERIOD OF:**

(B)(1) One year, if you refused the chemical test.

(2) Ninety days, if your test result was **0.08** or more alcohol concentration and you do not have a prior revocation as described in paragraph (A) above.

(3) One year, if your test results was [sic] **0.08** or more and you have ONE OR MORE PRIOR revocations within a 12-year period as described in paragraph (A) above.

At the June 7, 2006, ALR hearing, the hearing officer offered into evidence a copy of Stenger's driving abstract. Exhibit 2, which was entitled "COMPLETE ABSTRACT OF RECORD[,] NEBRASKA DEPARTMENT OF MOTOR VEHICLES," included a certification that it was a true and correct abstract of Stenger's driving record as contained in the Department's files. The exhibit contained an entry showing that Stenger had received a 90-day license revocation on November 10, 1998.

This abstract was maintained by the Department and was open to Stenger's inspection. See Neb. Rev. Stat. § 60-483 (Reissue 2004). At the ALR hearing, when exhibit 2 was offered into evidence, Stenger objected, stating:

And I'll object to the abstract because the — it is not within the issues for an ALR hearing as set forth in Section 60-498.01 paragraph 6C(2). Further, we would object to that exhibit because we don't have an opportunity to challenge the validity of the [Department of Motor Vehicles] record, which purportedly shows a prior ALR revocation and therefore denies us due process.

Stenger made no showing to the hearing officer that the abstract contained any inaccuracy pertaining to his driving record or the prior ALR revocation. The hearing officer overruled the objection and received exhibit 2 into evidence.

The foundation for Stenger's attack of the ALR proceeding is based upon his claim that "[w]hen the Administrative License Revocation (ALR) statutory scheme (60-498.01 through 60-498.04, R.R.S., 1943 (Reissue 2004)), is examined, it is readily apparent that [Stenger] did not have any opportunity to challenge the actual <u>existence</u> of any prior ALR revocation

which may appear on his driving abstract." See brief for appellee at 5-6. He relies upon § 60-498.01(6)(c)(ii), which he claims limits the issues under dispute at an ALR hearing to the following:

> (A) Did the peace officer have probable cause to believe the person was operating or in the actual physical control of a motor vehicle in violation of section 60-6,196 . . . and

> (B) Was the person operating or in the actual physical control of a motor vehicle while having an alcohol concentration in violation of subsection (1) of section 60-6,196.

Stenger further argues that pursuant to § 60-498.02(1), the inquiry into whether a motorist had a prior ALR is not addressed until after the ALR hearing has been held and the director has made a finding that the motorist's license should be revoked. He asserts that under this statutory scheme where the issue of whether Stenger had a prior ALR (which could enhance the period of revocation from 90 days to 1 year) is only considered after the hearing is concluded, he has not been given an opportunity to challenge the actual existence of the prior ALR revocation.

Stenger relies on *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003), and § 60-498.01 to support his contention that the issues at the revocation hearing are limited to whether the officer had probable cause to believe that the person was operating or in control of the motor vehicle in violation of § 60-6,196 and whether such person had a blood alcohol concentration in violation of § 60-6,196.

Our holding in *Hass* does not prevent the consideration of a motorist's driving abstract for enhancement purposes. *Hass* dealt with the exclusion of Fourth Amendment search and seizure issues. In *Hass*, we found that forcing the State to litigate every element of a "driving under the influence" case at an ALR hearing would seriously undermine the Legislature's goal of providing an informal and prompt review of the decision to suspend a driver's license. We did not discuss the issue of enhancement or the admissibility of the motorist's driving abstract at the ALR hearing. The issue of enhancement under § 60-498.02(1) was not raised in *Hass*.

We do not interpret § 60-498.01 to exclude the receipt of evidence for the purpose of enhancement at a revocation hearing either. Although this section limits the issues under dispute, it does not prohibit evidence pertinent to the ultimate disposition of a case after those issues have been resolved. Whether a person's driver's license has previously been revoked is relevant evidence in determining the length of the revocation under § 60-498.02(1)(b).

Therefore, we conclude that § 60-498.01 does not bar the receipt of a driving abstract to enhance a revocation, and we hold that a driving abstract may be admitted in an ALR proceeding for that purpose. This holding does not prohibit a party from contesting the accuracy of the abstract as to whether the party did in fact have a prior revocation. Section 60-498.02(1)(b) explicitly provides that if a driving abstract shows that the driver had a revocation in the prior 12 years, the revocation can be enhanced to 1 year. Therefore, the Legislature clearly intended for the Department to consider such matter in the ALR proceedings.

The driving abstract introduced at the administrative hearing showed that Stenger had an ALR in the preceding 12 years. The record also shows that the Department, in response to Stenger's motion for discovery, sent to Stenger his driving abstract, a copy of the temporary license already provided to him, and the results of his blood alcohol test.

The record indicates that Stenger received a copy of his abstract on May 23, 2006. The matter came on for hearing before the hearing officer at 1:30 p.m. on June 7. After the hearing officer offered Stenger's driving abstract into evidence, Stenger had the opportunity to argue or present evidence supporting his claim as to the accuracy of the abstract.

After the hearing, the hearing officer prepared the following recommended order:

> Upon consideration of the Proposed Findings of Fact and Proposed Conclusions of Law, it is recommended that the Director of the Department of Motor Vehicles find: the peace officers had probable cause to believe Appellant [Stenger] was operating or in the actual physical control of a motor vehicle in violation of Neb. Rev. Stat.

Sec. 60-6,196 or a city or village ordinance enacted pursuant to such section; that the Appellant was operating or in the actual physical control of a motor vehicle while having an alcohol concentration in violation of subsection (1) of section 60-6,196[;] and that the Appellant has a prior Administrative License Revocation.

The director of the Department adopted the proposed findings of fact and conclusions of law and ordered that Stenger's Nebraska operator's license and operating privileges be revoked for 1 year, effective June 14, 2006.

We conclude that the district court erred as a matter of law in determining that Stenger was denied due process. The record establishes that Stenger was not denied either notice or the opportunity to challenge the accuracy of the driving abstract used for enhancement of his revocation. Stenger was given notice that enhancement would be at issue when he was given a copy of his driving abstract, which was the basis of the enhancement ordered by the director. The temporary license stated that his operator's license and/or operating privileges would be revoked for 1 year if his test result was .08 or more and he had one or more prior revocations within a 12-year period. The abstract was then offered by the Department at the hearing. The Department, by giving Stenger such notice and by furnishing him with a copy of his driving abstract which showed a prior revocation within a 12-year period, complied with the requirements of due process.

Section 60-498.02(1)(b) gives notice that if a driving abstract shows that the driver had a previous revocation in the prior 12 years, then the revocation will be enhanced to 1 year. Given the facts that the statute so provides and that Stenger was furnished a copy of the abstract on May 23, 2006, which was offered in evidence by the Department to enhance the revocation, we conclude that the requirements of due process have been met. Stenger had notice of the prior revocation and an opportunity to contest the existence of that revocation at the hearing.

## CONCLUSION

The district court erred in finding that Stenger was denied due process of law with respect to the director's ALR enhancement

determination. For the reasons stated herein, we reverse the judgment of the district court and remand the cause to the court with directions that it affirm the decision of the director to revoke Stenger's license for a period of 1 year. Stenger is to be given credit for the 90 days of revocation already completed.

REVERSED AND REMANDED WITH DIRECTIONS.