17 Neb. App. 900
WILLIAM MURRAY, Appellant,
v.
BEVERLY NETH, DIRECTOR, STATE OF NEBRASKA DEPARTMENT OF MOTOR VEHICLES, AND THE NEBRASKA DEPARTMENT OF MOTOR VEHICLES, Appellees.
No. A-08-806.
Court of Appeals of Nebraska.
Filed September 8, 2009.
Bell Island, of Island, Huff & Nichols, P.C., L.L.O., for appellant.
Jon Bruning, Attorney General, Andee G. Penn, and Milissa Johnson-Wiles for appellees.
IRWIN, CARLSON, and MOORE, Judges.
MOORE, Judge.

INTRODUCTION
William Murray appeals from the decision of the district court for Scotts Bluff County, which affirmed the decision of the director of the Nebraska Department of Motor Vehicles, Beverly Neth (Director), to revoke Murray's driving privileges for 90 days. Because the district court's decision to affirm the revocation of Murray's operator's license conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable, we affirm.

BACKGROUND
On March 8, 2008, a Scottsbluff Police Department officer, Jed Combs, stopped a vehicle driven by Murray for driving with expired license plates and for driving the wrong way on a public highway. Upon contact with Murray, Combs smelled the odor of an alcoholic beverage coming from Murray, who showed signs of impairment upon completing field sobriety tests. Murray submitted to and failed a preliminary breath test. Murray also submitted to a chemical breath test, the results of which showed that Murray's blood alcohol content was .231 of a gram of alcohol per 210 liters of breath.
Combs arrested Murray, completed a sworn report, and provided Murray with a temporary license. On the sworn report, Combs filled in the reasons for his arrest of Murray, stating, "[R]eport of vehicle driving wrong way on Hwy 26 was advised that vehicle in question. I observed the vehicle described and observed the expired plate." The sworn report was signed by Combs and notarized by a notary public. The Department of Motor Vehicles (hereinafter Department) received the sworn report on March 11, 2008.
After receiving the sworn report, the Director determined that "the reasons for arrest on the sworn report . . . may not confer jurisdiction to revoke [Murray's] operators license because it does not explain how [Combs] determined [Murray] was intoxicated." The Department sent a blank "Addendum to Sworn Report" to Combs, which asked Combs to indicate on the addendum form "why you concluded the motorist was operating or in actual physical control of a motor vehicle while intoxicated." Combs completed the addendum by filling in his name and badge number, listing the reasons why he concluded Murray was driving while intoxicated, and signing it front of a notary. As to the reasons for concluding that Murray was driving while intoxicated, Combs stated:
Report of motor vehicle driving down the wrong lane of travel. Was also advised that vehicle had expired plates. I observed the vehicle matching that description traveling west on Hwy. 26. I conducted a stop on the vehicle and smelled the odor of an alcoholic beverage. Driver consented to SFST's and showed impairment. . . . Murray consented to PBT. PBT a failure.
The Department received the completed addendum on March 24, 2008, 16 days after Murray's arrest.
Murray filed a petition for administrative hearing, which was heard on April 2, 2008. At the hearing, the sworn report and addendum were received into evidence. The hearing officer also received testimony from Combs.
Following the hearing, the hearing officer recommended that Murray's driving privileges be suspended for the statutory period. The Director adopted the recommended order of the hearing officer and revoked Murray's driving privileges for 90 days, effective April 7, 2008.
Murray appealed to the district court, which affirmed the Director's revocation of Murray's driving privileges. Murray subsequently perfected his appeal to this court.

ASSIGNMENTS OF ERROR
Murray asserts that the district court erred in (1) finding that the Department had jurisdiction to revoke his operator's license through an addendum to the sworn report and (2) failing to find a violation of his due process rights when the Director provided an addendum to the sworn report.

STANDARD OF REVIEW
[1, 2] Under the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2008), an appellate court may reverse, vacate, or modify a district court's judgment or final order for errors appearing on the record. Berrington Corp. v. State, 277 Neb. 765, 765 N.W.2d 448 (2009). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Berrington Corp. v. State, supra.
[3] The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. Id.

ANALYSIS

Department's Jurisdiction.
Murray asserts that the district court erred in finding that the Department had jurisdiction to revoke his operator's license through an addendum to the sworn report.
[4-6] In an administrative license revocation proceeding, the sworn report of the arresting officer must, at a minimum, contain the information specified in the applicable statute, in order to confer jurisdiction. Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007). The Department makes a prima facie case for license revocation once it establishes that the officer provided a sworn report containing the statutorily required recitations. Id. The applicable statute in this case is Neb. Rev. Stat. § 60-498.01(3) (Reissue 2004), which provides:
If a person arrested as described in subsection (2) of section 60-6,197 submits to the chemical test of blood or breath required by section 60-6,197, the test discloses the presence of alcohol in any of the concentrations specified in section 60-6,196, and the test results are available to the arresting peace officer while the arrested person is still in custody, the arresting peace officer, as agent for the director, shall verbally serve notice to the arrested person of the intention to immediately confiscate and revoke the operator's license of such person and that the revocation will be automatic thirty days after the date of arrest unless a petition for hearing is filed within ten days after the date of arrest as provided in subsection (6) of this section. The arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person submitted to a test, the type of test to which he or she submitted, and that such test revealed the presence of alcohol in a concentration specified in section 60-6,196.
A sworn report which does not include information required by statute cannot be supplemented by evidence offered at a subsequent administrative license revocation hearing. Yenney v. Nebraska Dept. of Motor Vehicles, 15 Neb. App. 446, 729 N.W.2d 95 (2007).
The present case is similar to but distinguishable from Stoetzel v. Neth, 16 Neb. App. 348, 744 N.W.2d 465 (2008), in which this court considered whether a sworn report that was amended after the arresting officer submitted the initial sworn report to the Department was sufficient and timely for purposes of establishing the Department's jurisdiction. In Stoetzel, Mark Stoetzel was arrested on February 18, 2006, for driving under the influence. Stoetzel submitted to a blood test, which was then sent to a laboratory to determine Stoetzel's blood alcohol content. The arresting officer received the test results on March 2, completed a sworn report, and sent the report to the Department. The Department received the report on March 6, but the report did not show the date on which the officer received the blood test results. The Department returned the report to the officer, asking him to provide the omitted information. On March 7, the Department sent Stoetzel a notice of administrative license revocation and temporary license, and Stoetzel requested a hearing. On March 17, the Department received an amended sworn report, which was the same as the original report except for having been altered to include the omitted date. Stoetzel's operator's license was subsequently revoked. Stoetzel challenged the revocation, and the revocation was reversed by the district court.
[7] On appeal, this court determined that the March 6, 2006, sworn report was not properly completed because the arresting officer omitted the date he obtained the blood test results. We found the amended report to be untimely and noted that it was not "sworn" because it was not properly renotarized. Section 60-498.01(5)(a), which applies when the results of a chemical test are not available to the officer while the arrested person is in custody, was applicable. Section 60-498.01(5)(a) explicitly states, "If the sworn report is not received within ten days, the revocation shall not take effect." This court found the language of that subsection to be mandatory and held that if a sworn report falling under § 60-498.01(5)(a) is submitted after the 10-day period, the Department lacks jurisdiction to revoke a person's driver's license. Stoetzel v. Neth, supra. The court in Stoetzel also found the amended report was not a sworn report, because although the arresting officer signed his initials next to the new information and a notary affixed her seal and wrote the date above the new information, the notary did not sign the amended form. Neb. Rev. Stat. § 64-107 (Reissue 2003) mandates that a properly notarized document contain both the signature and the seal of the notary. Accordingly, the amended report in Stoetzel was not considered sworn as required by § 60-498.01(5)(a).
[8] Murray argues that the sworn report in this case was not timely, because the addendum thereto was received by the Department 16 days after his arrest. Unlike Stoetzel v. eth, 16 Neb. App. 348, 744 N.W.2d 465 (2008), where this court found the amended report was not timely submitted to the Department, the present case is distinguishable. Because Murray submitted to a breath test and the result was immediately available, the requirements of § 60-498.01(3) rather than § 60-498.01(5) were applicable. This court has held that the 10-day time limit set forth in § 60-498.01(3) is directory rather than mandatory. Thomsen v. Nebraska Dept. of Motor Vehicles, 16 Neb. App. 44, 741 N.W.2d 682 (2007). We also note that, unlike Stoetzel, where the amended report was not "sworn" because it was not renotarized, both the original sworn report and the addendum thereto were properly notarized in this case. Murray's assignment of error is without merit.
There is nothing in this court's opinion in Stoetzel to suggest that the procedure followed by the Department in this case, in returning the original sworn report to the officer and asking him to include omitted information, was improper. A similar procedure was followed here, and we find no error. This is not a situation where the Department attempted to supplement a sworn report which did not include information required by statute by offering the missing information through testimony from the arresting officer at the revocation hearing. See Yenney v. Nebraska Dept. of Motor Vehicles, 15 Neb. App. 446, 729 N.W.2d 95 (2007) (Department did not acquire jurisdiction where sworn report omitted reasons for motorist's arrest, but reasons were provided through arresting officer's testimony at hearing). Here, the sworn report and the addendum thereto were sent to the Department prior to the revocation hearing, and when considered together, contained the required recitations and were thus sufficient to confer jurisdiction on the Department. See Taylor v. Wimes, 10 Neb. App. 432, 632 N.W.2d 366 (2001) (where sworn report which did not set forth specific reasons for arrest but referenced attached field observation and performance testing report was found sufficient to establish prima facie case).

Due Process.
Murray asserts that the district court erred in failing to find a violation of his due process rights when the Director provided an addendum to the sworn report. Murray argues that the actions of the Director  in sending an addendum for Combs to complete, informing Combs of the necessary information to be included, and explaining why the Director did not believe she could obtain jurisdiction based on the information found in the original sworn report  were not the actions of a fair and impartial board.
[9-13] In proceedings before an administrative agency or tribunal, procedural due process requires notice, identification of the accuser, factual basis for the accusation, reasonable time and opportunity to present evidence concerning the accusation, and a hearing before an impartial board. Stenger v. Department of Motor Vehicles, 274 Neb. 819, 743 N.W.2d 758 (2008). In formal agency adjudications, as in court proceedings, due process requires a neutral, or unbiased, adjudicatory decisionmaker. Barnett v. City of Scottsbluff, 268 Neb. 555, 684 N.W.2d 553 (2004). Administrative adjudicators serve with a presumption of honesty and integrity. Id. Factors that may indicate partiality or bias on the part of an adjudicator are a pecuniary interest in the outcome of the proceedings, a familial or adversarial relationship with one of the parties, and a failure by the adjudicator to disclose the suspect relationship. Id. The party seeking to disqualify an adjudicator on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of impartiality. Id.
Murray's arguments are without merit and insufficient to overcome the presumption of impartiality. We observe that the sworn report form is essentially a fill-in-the-blank document provided by the Department to arresting officers, and we see no significant difference between the Department's provision of the sworn report documents and provision of the addendum form in the present case. Further, the evidence does not indicate that the Director instructed the officer how to fill out the form; rather, she only pointed out what information was missing. The addendum was sent to Murray prior to the hearing, and he had adequate notice of the factual basis for the revocation, as well as an opportunity to present evidence. Murray received procedural due process.

CONCLUSION
Because the district court's decision to affirm the revocation of Murray's operator's license conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable, we affirm.
AFFIRMED.
IRWIN, Judge, dissenting.
I respectfully dissent from the decision of the majority affirming the practice of the Director of reviewing the sworn report prior to the administrative license revocation hearing, assessing its sufficiency to confer jurisdiction and prove the Department's prima facie case, ex parte advising the arresting officer of potential deficiencies, and then receiving an addendum at the administrative hearing remedying potential defects in accordance with the Director's concerns. I do not believe there is any authority for the Director to act in this fashion.
I find it troubling that the ultimate decisionmaker in this administrative action, the Director, in an ex parte fashion, previewed the document which both confers jurisdiction and amounts to prima facie proof of the Department's case and assessed its sufficiency, contacted the arresting officer, and sought to bolster the evidence prior to the administrative license revocation hearing. It is well established in Nebraska case law that administrative bodies have no power or authority other than that specifically conferred by statute or by construction necessary to accomplish the plain purpose of an administrative act. See, Brunk v. Nebraska State Racing Comm., 270 Neb. 186, 700 N.W.2d 594 (2005); Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005). In this case, there is no statute conferring authority on the Director to review the sworn report and seek to bolster its sufficiency prior to the hearing, without notice to the driver.
In addition, inasmuch as the sworn report acts both as the jurisdictional document and as the prima facie case for the Department, the Director's assessing and seeking to bolster the sufficiency of the sworn report without notice to the driver has an additional feel of impropriety and lack of impartiality. In my assessment, the Director is limited either to that authority specifically granted by the statutes or to those actions necessary to carry out the purposes of the administrative license revocation statutes; the majority's endorsement of this practice appears to take the approach that there is no statute prohibiting the action, which seems to me to turn the basic general rule about the authority of administrative bodies upside down. I also note that there does not appear to be any authority from the Nebraska Supreme Court approving of or endorsing this practice.
I also disagree with the majority's suggestion that the Director's actions in this case are comparable to the actions of the Director in Stoetzel v. Neth, 16 Neb. App. 348, 744 N.W.2d 465 (2008), where this court did not disapprove of the Director's action of noting that the sworn report was missing a date and sending it back to the arresting officer to have the date supplied. A missing date is much more akin to a scrivener's error and is not comparable to a report that lacks substantive allegations necessary to confer jurisdiction and prove the Department's prima facie case for revocation. Although the majority concludes that the Director did not instruct the officer how to fill out the form when completing the addendum, the evidence indicates that the Director specifically instructed the officer to indicate "why you concluded the motorist was operating or in actual physical control of a motor vehicle while intoxicated" and, thus, did instruct the officer of precisely what substantive allegations the Director was predetermining to be insufficient. I cannot agree that there is no significant difference between this situation and requesting correction of the equivalent of a scrivener's error concerning a date, as was done in Stoetzel v. Neth, supra.
For the foregoing reasons, I respectfully dissent from the decision of the majority.